UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

CASE NO.: 3:17-cv-879

ANTHONY LEE,

        Plaintiff,

vs.

FLEET STAFF, INC., CAVALRY STAFFING, LLC and
ENTERPRISE RENT-A-CAR COMPANY,
PERSONNEL STAFFING GROUP, LLC,

        Defendants.

_____/

# COMPLAINT
*{Jury Trial Demanded}*

Plaintiff, ANTHONY LEE, for his Complaint against FLEET STAFF, INC., CAVALRY STAFFING, LLC, ENTERPRISE RENT-A-CAR COMPANY, and PERSONNEL STAFFING GROUP, LLC states and alleges as follows:

## SUMMARY

1. FLEET STAFF, INC., CAVALRY STAFFING, LLC, ENTERPRISE RENT-A-CAR COMPANY, and PERSONNEL STAFFING GROUP, LLC (hereinafter "Defendants") required and/or permitted ANTHONY LEE (hereinafter "Plaintiff") to work in excess of forty hours per week but refused to compensate him properly for such hours.

2. Defendants' conduct is in violation of the Fair Labor Standards Act (FLSA), which requires employers to compensate non-exempt employees for their overtime work. *See*, 29 U.S.C. § 207(a).

3. Plaintiff, ANTHONY LEE, is a FLSA non-exempt worker who was not fully compensated for the overtime hours he worked, as required by law, for which he now seeks recovery.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Venue is proper in the Northern District of Texas because Defendants engage in business here.

## THE PARTIES

6. Plaintiff, ANTHONY LEE, is a resident of Grand Prairie, Texas.

7. Defendant, FLEET STAFF, INC., is a foreign corporation operating in Irving, Texas. Service of process may be had on Defendant's registered agent, Northwest Registered Agent LLC, at 700 Lavaca, Suite 1401, Austin, Texas 78701.

8. Defendant, CAVALRY STAFFING, LLC is a foreign limited liability company operating in Irving, Texas. Service of process may be had on Defendant's registered agent, Rosa Castillo at 5605 North MacArthur, Suite 1054, Irving, Texas 75038.

9. Defendant, PERSONNEL STAFFING GROUP, LLC, is a foreign limited liability company operating in Irving, Texas. Service of process may be had on Defendant's registered agent, Corporate Creations Network, Inc. at 2425 W Loop South #200, Houston, Texas 77027.

10. Defendant, ENTERPRISE RENT-A-CAR COMPANY, is a foreign for-profit corporation operating in Irving, Texas. Service of process may be had on Defendant's registered agent, CT Corporation System at 1999 Bryan St., Suite 900, Dallas, Texas 75201.

## COVERAGE

11. Defendants, FLEET STAFF, INC., CAVALRY STAFFING, LLC, ENTERPRISE RENT-A-CAR COMPANY, and PERSONNEL STAFFING GROUP, LLC, are each an enterprise that engages in commerce or in the production of goods for commerce.

12. Defendants acted, either directly or indirectly, in the interest of an employer with respect to the Plaintiff.

13. Accordingly, Defendants are both a covered "enterprise" and an "employer" under the FLSA.

14. Defendants have had, and continue to have, an annual gross income of sales made or business done of not less than $500,000.

## FACTUAL ALLEGATIONS

15. Defendants FLEET STAFF, INC., CAVALRY STAFFING, LLC, and PERSONNEL STAFFING GROUP, LLC are staffing agencies operating in Irving, Texas which supplied rental car companies such as Defendant ENTERPRISE RENT-A-CAR COMPANY with employees such as the Plaintiff. Said Defendants controlled and directed Plaintiff's daily activities thereby making them joint employers of Plaintiff.

16. Defendants jointly managed and controlled Plaintiff's work.

17. Defendants jointly made the work schedules for Plaintiff.

18. Defendants jointly recorded Plaintiff's hours of worked time.

19. Defendants jointly maintained employment files for Plaintiff.

20. Defendants jointly maintained payroll documents for Plaintiff.

21. Defendants jointly employed Plaintiff, ANTHONY LEE, as a delivery inspector on or about September 23, 2016, through on or about December 16, 2016.

22. Defendants jointly compensated Plaintiff an hourly rate of $8.00.

23. Plaintiff worked an average of 55 hours per week.

24. Defendants jointly failed to compensate Plaintiff his time and a half premiums for hours worked over forty in a workweek.

25. Regardless of the hours worked by Plaintiff that exceeded 40 hours per week, Defendants only compensated Plaintiff for a maximum of 40 hours of work per week at his regular hourly rate.

## CAUSES OF ACTION

26. Plaintiff incorporates all allegations contained in the preceding paragraphs.

27. At all relevant times Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, et seq.

28. Defendants' failure to pay the full amount of overtime compensation owed to Plaintiff violates the FLSA.

29. Accordingly, Plaintiff is entitled to compensation for overtime hours worked.

30. Additionally, Plaintiff is entitled to an amount equal to his unpaid overtime wages as liquidated damages, as well as reasonable attorneys' fees and costs of this action as provided by 29 U.S.C. § 216(b).

31. Defendants have acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages described pursuant to 29 U.S.C. § 216(b).

32. Alternatively, should the Court find Defendants acted in good faith and that they had reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

33. Plaintiff is entitled to have the limitations period extended to three years because Defendants actions were willful. 29 U.S.C. § 216(b).

**PRAYER**

WHEREFORE, Plaintiff respectfully requests judgment jointly and severally be entered in his favor awarding him:

A. overtime compensation for all unpaid hours worked in excess of forty hours at the rate of one and one half times his regular rates;

B. an equal amount as liquidated damages as allowed under the FLSA;

C. damages accrued for a three year period;

D. reasonable attorneys' fees, costs, and expenses of this action as provided by the FLSA;

E. pre-judgment and post judgment interest at the highest rates allowed by law; and such other relief as to which Plaintiff may be entitled.

Respectfully submitted,

**GOLDBERG & LOREN, PA**
By: /s/ James M. Loren, Esq.
**James M. Loren**
**Attorney-in-charge**
FL Bar No.: 55409
George Z. Goldberg
FL Bar No.: 31186
Rachael Rustmann
TX Bar No. 24073653
3102 Maple Ave, Suite 450

Dallas, Texas 75201
Main Phone:    800-719-1617
Facsimile:      (954) 585-4886
jloren@goldbergloren.com
rrustmann@goldbergloren.com
ggoldberg@goldbergdohan.com
*Attorneys for Plaintiff*